Scott Brothers Hosiery Mills, Inc. v. Commissioner.
Scott Bros. Hosiery Mills v. Commissioner
Docket No. 110918.
United States Tax Court
1943 Tax Ct. Memo LEXIS 440; 1 T.C.M. (CCH) 632; T.C.M. (RIA) 43090; February 19, 1943
*440 Theodore B. Benson, Esq., Normandy Bldg., Washington, D.C., for the petitioner. Myron S. Winer, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: The Commissioner determined deficiencies of $1,131.60 and $1,143.49 for the taxable years 1938 and 1939, respectively. This determination was premised upon several adjustments as to some, but not all, of which petitioner assigned error. At the hearing petitioner waived all assignments of error except those relating to depreciation. The only question we have for consideration is whether respondent allowed insufficient depreciation for each of the taxable years. Petitioner claims that it should be allowed additional depreciation on certain 39 and 45 gauge knitting machines. It contends that the depreciation taken on its income tax returns for prior years or as finally adjusted was excessive and, therefore, in loss years the basis should be reduced only by the amount of depreciation "allowable." See section 114 (a) and 113(b) (1) (B) of the Revenue Act of 1938 and the Internal Revenue Code. Findings of Fact Petitioner was organized in 1924 under the name of Lucille Knitting Company, Inc. Its name was changed *441 in 1937 to Scott Brothers Hosiery Mills, Inc. Its income tax returns for the calendar years 1938 and 1939 were filed with the collector of internal revenue for the first district of Pennsylvania, and were prepared on the accrual basis. Petitioner's net income or loss was as follows: Taxable
Net
Net
Year
Income
Loss
1924
$ 6,878.24
1925
32,097.62
1926
34,547.70
1927
8,521.02
1928
43,886.67
1929
97,972.17
1930
$16,163.14
1931
84,267.41
1932
20,562.80
1933
12,862.28
1934
6,529.02
1935
1,061.35
1936
30,175.40
1937
33,466.46
In filing its returns, petitioner computed depreciation on the 45 gauge machines which it owned on a basis of a useful life as short as 6 2/3 years and as long as 13 years. Respondent made various adjustments to the depreciation claimed by petitioner throughout the years but never upon the basis of a useful life of more than 13 1/2 years. Petitioner computed the useful life of the 39 gauge machines as long as 12 years and as short as 6 years. During all of the years in which petitioner had net losses depreciation was returned or adjusted upon the basis of 13 years for the 45 gauge machines and 12 years for the 39 gauge *442 machines. Throughout the years certain capital improvements were made to the 39 gauge machines. Petitioner claimed no depreciation upon the 39 gauge machines in its 1937, 1938 and 1939 returns. If depreciation had been claimed for 1937 the basis for depreciation would have been exhausted prior to the taxable year 1938. During the taxable years petitioner made major improvements on the 45 gauge machines, thereby extending their useful life to 15 years. Depreciation on that useful life was allowed by respondent in computing his deficiency. If those machines had not been so improved in 1938 and 1939, they would have been obsolete. About 1930 the trend in the hosiery industry was away from low gauge machines to machines of higher gauge, more sections and greater speed. The trend was to 51 gauge machines. This same petitioner asked the Board to redetermine a deficiency for 1928. A decision was entered in accordance with the stipulation of the parties premised upon an agreed useful life of 9 1/9th years for both the 39 gauge and 45 gauge machines. Opinion The sole issue raised by the petition is whether or not respondent has allowed sufficient depreciation upon certain machines used *443 by petitioner in its business of manufacturing women's hosiery. Petitioner contends that the average useful life of these machines was 15 years and that since petitioner computed the depreciation on a shorter life during loss years, the basis should be recomputed to take into account the amount of depreciation "allowable" rather than the amount claimed on its income tax returns. See ; Kennedy Laundry Co., 46B.T.A. 70, (on appeal, CCA-7th * ). But see . Petitioner has introduced no proof which would justify a finding that the depreciation taken on its returns in prior years was excessive. The only evidence introduced in its behalf was the testimony of petitioner's president that the improvements made to the 39 gauge machines in 1932 extended their useful life to 15 years. There is no other evidence corroborating the opinion expressed about the 39 gauge machines. However, there is much evidence *444 of a contrary nature. The witness admitted that unless the improvements made in 1938 and 1939 to the 45 gauge machines had been made the machines would have been obsolete at that time. Petitioner's position throughout the years seems to have been that respondent was allowing insufficient depreciation. In a prior Board case where the petitioner was asking for increased depreciation for the year 1928 we entered a decision upon the basis of a stipulated useful life of 9 1/9 years for both the 39 gauge and 45 gauge machines. Moreover, on September 12, 1935, petitioner's accountants agreed to the useful life determined by a revenue agent for the taxable year 1933. This useful life so determined did not extend beyond 1937 in regard to the 39 gauge machines. In the face of such evidence and other additional evidence contained in the record we would not be justified in finding that the 39 gauge machines had a useful life of 15 years. The petitioner has failed to prove that the depreciation in prior years was excessive or that the respondent committed error in the allowance of depreciation upon the 45 gauge machines for the taxable years. Because of such failure of proof we sustain the action *445 of the respondent. Decision will be entered for respondent. Footnotes
*. BTA decision reversed and remanded by CCA-7 at .↩